# UNITED STATES DISTRICT COURT
## for the
## US District of Arizona
## Phoenix Division

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE LRCvP 7.1(a)(a)
(Rule Number/Section)

FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 2 5 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Eddie LaReece Pittman, Pro Se Plaintiff

Vs.                                     Case #:   CV20-01879-PHX-GMS

Food Safety Net Services, Ltd. (FSNS)

# Pro Se Plaintiff's Complaint under Section &1981 of the Civil Rights Act of 1866

I)   **Cause of Action(s):**

This action is filed with intent on correlating the actions from Defendant, FSNS, as being prohibited by Section 1981 of the Civil Rights Act of 1866. Section 1981 prohibits intentional employment discrimination on basis of race, in fact, it prohibits all forms of it which may be considered disparate treatment which encompass: firing, refusal to hire, demotion, failure to promote, unequal pay and hostile work environment. This action is validated through the 42 US Code &1981-equal rights under the Law or equal protection clause.

Specifically, the Pro Plaintiff Eddie Pittman alleges that FSNS's pre-employment or interview process activities be it use of social media, internet browsing, instant 3rd party background screeners, HR related investigations, etc. violated the Pro Se Plaintiff's right to equal treatment while pursuing employment. Thus, FSNS's hiring or

pre-employment practice subjected the Pro Se Plaintiff to racial disparate treatment warranting this Section 1981 claim.

**Note: This is only the 2nd time the Plaintiff has chosen to take this type of alleged discriminatory issue(attacking an employer's _pre-hiring_ practices or policies) to Court in spite of the Plaintiff being seen as a "seasoned litigant." The other similar experience is with the Plaintiff's pending action against Nice Pak and that action also involved adverse actions taken against the Plaintiff as a temporary employee there. Be informed that "temporary employee" status was the common denominator in relation to many of the prior litigations thus there was no problem with meeting EEOC requirements, etc. However, that recent experience with the pending Nice Pak action enlightened the Plaintiff on concepts behind FCRA laws(~pre-hiring), Discriminatory Disparate Impact/Treatment(~pre-hiring), Section 1981 and the regulation/enforcement of all employment policies including hiring. With that in mind, it was not the Plaintiff's plan to file multiple actions against FSNS over the same incident but this new experience with addressing pre-employment misconduct is new to the Plaintiff so there is no harassment here. Finally, the Pro Se Plaintiff is within his right to address this situation with respect to Section 1981 law as well though he preferred to keep it simple and it boils down to the Plaintiff semi-struggling to find a legal means to vindicate his rights being maliciously violated. It would be a miscarriage of justice to let it go; the Plaintiff has been similarly mistreated on many occasions over past 15 years. The only way to go back and address them would be using the Delayed Discovery Doctrine or something of that nature but that would be costly with the need for forensics, etc. The Plaintiff is not in position to pursue them but this situation which happened just ~3 years ago will be pursued to the fullest intent to vindicate his rights being violated.**

II) **Parties Involved with case:**

Plaintiff: Eddie LaReece Pittman, Pro Se
is a citizen of the United States

| mailing address #1 | mailing address #2 |
|---|---|
| 3661 Sunset Avenue, # 411 | PO Box 403 |
| Rocky Mount, Nash County | Columbia, Boone County, |
| NC 27804 | MO, 65205 |
| elpq63@mail.missouri.edu | elpq63@mail.missouri.edu |
| 202-549-0094(cell) | 202-549-0094(cell) |

Defendant 1: FSNS local
6215 West Van Buren
Phoenix, Maricopa County,
AZ; 85043
(602) 385-4030

Defendant 2: FSNS corporate
199 E Rhapsody Drive
San Antonio, Bexar County
Texas; 78216
(210) 308-0675

### III)   Pro Se Plaintiff's Facts/Details re. presumed violations of his Rights:

IIIa) Main Facts

In early August/late July 2017, the Pro Se Plaintiff sought employment(online application) via Indeed (if not mistaken) for a laboratory based position at the FSNS affiliate in Phoenix, AZ. **To the Plaintiff's recollect, he noticed a Caucasian female leaving and exchanging dialogue with them as if she had been shown around and was being set up for a final pre-hire task(the Plaintiff does not know or remember what it was but the young lady was set for some other agenda before starting employment/ it may have been a drug test or orientation training).** The Plaintiff, a recent PhD Chemistry grad at the time was relocating himself to the area in order to pursue an Adjunct Chemistry teaching position with Glendale Community College. FSNS HR rep, Ms. Alyssa Burford (who is obviously out of the corporate location) contacted the Plaintiff on 08-04-17 via email and may have briefly touched basis with her over phone as well. The Plaintiff was informed about the laboratory related openings (Micro technicians; Couriers) at the Phoenix location then invited to a formal interview on 08/09/2017. The plan was to interview with her and other authorities at that location. The Pro Se Plaintiff followed through with it as planned; he got there early and had a most recent resume, college degree transcripts and letters of recommendations. He was also professionally dressed. The Plaintiff eventually met with her and talked about the position. The Plaintiff expressed high regard for being considered and advocated that his best job to date was a similar lab position he held in Tampa Florida as a Chemist for 3 years till the lab business shut down. The Plaintiff also made it known that he was selected as employee of the year during that company's last year in business. The interview went so well that just as preparations were being made to show the Plaintiff around the lab, an onsite HR rep rudely came in and ended the interview session while saying something to the effect ("We have to stop this right now; something has come up!"). Ms. Burford then said to the Plaintiff "I apologize; I will call you when I get a chance." The Pro Se Plaintiff heard nothing more about it.

IIIb) Disparate Treatment Discrimination

The Pro Se Plaintiff argues that disparate discrimination against the Plaintiff who is an Afro American male as result of local HR learning that the Plaintiff was Afo American and had a criminal background record. Analyzing the facts within the situation, itself, one can see that the issue was not within the interview, itself. Something else was the determining factor which the Plaintiff had no direct influence over as a candidate who should have had an equal opportunity to pursue the position as everyone else had. Local HR obviously did a pre-employment screen that related sensitive information about the Plaintiff to him. Exactly how the info was obtained is pointless, it did happen and it deterred the local HR authority from further pursuing the Plaintiff for the position. The Plaintiff argues while doing so, it violated his right not to be discriminated against based on race. Be informed that before the Plaintiff's interview, he noticed a Caucasian female leaving and exchanging dialogue with them as if she had been shown around and was being set up for a final pre-hire task. The Plaintiff was not treated equal with his belonging to a constitutionally protected class. The interviewer promised to call the Plaintiff after the interview was cut off prematurely by the other authority but never did thus reasonable inference suggests that info gathered from somewhere other than the interview, itself or the Plaintiff was used as means to end the Plaintiff's candidacy for the position. The Plaintiff argues that the info was racial related in addition to his criminal background.

The interview, itself was positive but something other than the interview was wrongly used as means of depriving the Plaintiff. **A Caucasian female had no problems with her interview and it obviously was not abruptly cut off by local hr authorities. Note: This is only the 2nd time the Plaintiff has chosen to take this type of alleged discriminatory issue(attacking an employer's _pre-hiring_ practices or policies) to Court in spite of the Plaintiff being seen as a "seasoned litigant." The other similar experience is with the Plaintiff's pending action against Nice Pak and that action also involved adverse actions taken against the Plaintiff as a**

temporary employee there. Be informed that "temporary employee" status was the common denominator in relation to many of the prior litigations thus there was no problem with meeting EEOC requirements, etc. However, that recent experience with the pending Nice Pak action enlightened the Plaintiff on concepts behind FCRA laws(~pre-hiring), Discriminatory Disparate Impact/Treatment(~pre-hiring), Section 1981 and the regulation/enforcement of all employment policies including hiring.

IV)   **Relief Requested:**

*Wherefore, the Pro Se Plaintiff prays the Court grant the following relief to the Plaintiff:*
   a) *Comp Damages-The Pro Se Plaintiff leaves open for Court Analysis while thinking $40,000 may be sufficient in regard to the inconvenience and semi- gratuity associated with not having a lab position since August, 2017.*
   b) *Punitive Damages- The Pro Se Plaintiff sees the Defendant's actions associated with malice, recklessness and outright disregard for the Plaintiff's right to be fairly evaluated for the Lab Tech position based on his abilities, skill, experience and overall potential capabilities in satisfying the scope of the position. The Plaintiff sees $1,000,000 as being more than fair as a means to deviate the Defendant from similar mistakes in future.*

And the Court grant such relief as may be appropriate including injunctive orders, etc.

Respectfully Submitted,

*Eddie LaReece Pittman*

Eddie LaReece Pittman, Pro Se
3661 Sunset Avenue, # 411
Rocky Mount, NC 27804
pittmaneddie@aol.com
202-549-0094

10-01-2020   EP. 09/23/2020