WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie LaReece Pittman,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Food Safety Net Services Limited,<br><br>　　　　　Defendant. | No. CV-20-01879-PHX-GMS<br><br>**AMENDED ORDER**<br><br>(Amended to reflect correct dismissal date on page Six) |

　　　　Pending before the Court is Food Safety Net Services Limited's ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 26). For the reasons below, Defendant's Motion is granted.

**BACKGROUND**

　　　　Plaintiff filed a Complaint alleging violations of 42 U.S.C. § 1981 on September 25, 2020. (Doc. 1.) Plaintiff alleged that in "early August/late July 2017," he sought employment with Defendant, and Defendant offered him an interview. (Doc. 25 at 4.) At the interview, Plaintiff observed a "Caucasian female leave and exchang[e] dialogue" with Defendant's employees, "as if she had been shown around and was being set up for a final pre-hire task." (Doc. 25 at 4.) Plaintiff's interview, however, was cut short because "an onsite HR rep rudely came in and ended the interview session," explaining that "something ha[d] come up." (Doc. 25 at 5.) Plaintiff, an African American man, now claims that Defendant illegally refused to hire him based on his race. (Doc. 25 at 5.)

**DISCUSSION**

**I. Legal Standard**

"If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* "Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the court's task is only to determine whether the claimant has pleaded facts that show it is time barred." *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 782 (D. Ariz. 2019).

**II. Statute of Limitations**

A claim arising under 42 U.S.C. § 1981 is subject to one of two statutes of limitations, depending on the underlying act that gave rise to the claim. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). If the discriminatory act concerns "mak[ing] and enforc[ing] contracts," then the claim is subject to "the most appropriate or analogous state statute of limitations." *See id.* at 371, 383; *see also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1006 (9th Cir. 2011); *Ukpanah v. Ariz. Bd. of Regents*, No. CV–10–0274–PHX–DGC, 2010 WL 4537043, at *3 (D. Ariz. Nov. 3, 2010). "If, however, the discriminatory act concerns the 'termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship'—including hostile work environment and wrongful termination claims—then the claim is subject to the four-year statute of limitations enacted at 28 U.S.C. § 1658." *Ukpanah*, 2010 WL 4537043, at *3 (quoting *Jones*, 541 U.S. at 383–84).

Plaintiff alleges that Defendant failed to hire him in violation of 42 U.S.C. § 1981. (Doc. 1.) Because his claim concerns "mak[ing] and enforc[ing] contracts" rather than the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," it is subject to the most analogous state statute

of limitations. In Arizona, the most analogous state statute of limitations is two years. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004); *Fisher v. Glendale Elementary Sch. Dist.*, No. CV-14-02083-PHX-ESW, 2017 WL 1787565, at *4 (D. Ariz. May 3, 2017); *see* Ariz. Rev. Stat. § 12-542. According to the Amended Complaint, Plaintiff's alleged incident with Defendant was in August 2017. (Doc. 25 at 4.) Therefore, the pertinent issue is when Plaintiff's cause of action accrued.

"[T]he touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991) (quoting *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981)). In employment cases, "claim[s] accrue[] upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Here, Plaintiff allegedly interviewed with Defendant in August 2017. (Doc. 25 at 4.) After the interview, Plaintiff "heard nothing more about it." (Doc. 25 at 5.) Even if Plaintiff would not "have reason to know" he was not hired until weeks or even months after the interview, this lawsuit would still be untimely. Plaintiff had two years, arguably beginning around sometime in late 2017, to file the instant lawsuit. Instead, it was filed on September 25, 2020, well after the statute of limitations had expired. (Doc. 1.) Therefore, Plaintiff's claim is untimely.

**III. Tolling**

Plaintiff argues that even if his claim was untimely, equitable tolling should apply. (Doc. 30 at 2–3.) "In an action brought under § 1981, state tolling principles are applied as part of the state statute of limitations as long as those tolling principles are not inconsistent with the purposes of the federal legislation." *Okonko v. Union Oil Co. of Cal.*, 519 F. Supp. 372, 375–76 (C.D. Cal. 1981); *see Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980); *Ungureanu v. A. Teichert & Son*, No. CIV S–11–0316 LKK GGH PS, 2012 WL 1108831, at *9 (E.D. Cal. Apr. 2, 2012). "Under equitable tolling,

plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *McCloud v. Arizona*, 217 Ariz. 82, 87, 170 P.3d 691, 696 (Ct. App. 2007) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). "Equitable tolling applies when the plaintiff is excusably ignorant of the limitations period[,] and the defendant would not be prejudiced by the late filing." *Kyles v. Contractors/Engineers Supply, Inc.*, 190 Ariz. 403, 405, 949 P.2d 63, 65 (Ct. App. 1997). However, "this is a doctrine that should be used only sparingly." *McCloud*, 217 Ariz. at 88, 170 P.3d at 697. "[T]he principles of equitable tolling . . . do not extend to . . . a garden variety claim of excusable neglect." *Id.* (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)).

Here, Plaintiff contends that he was unaware that Defendant's conduct was illegal until "late 2019" because he was under the false belief "that a worker's rights only begin[] after he or she is employed."[1] (Doc. 30 at 3.) However, this reason does not rise to the level of inequity required to establish equitable tolling. *See McCloud*, 217 Ariz. at 87, 170 P.3d at 696 (collecting cases). Plaintiff does not explain why he could not have been diligent about his rights prior to the expiration of the statute of limitations; he does not allege that he was disabled or otherwise incapacitated. Nor is Plaintiff ignorant of the law or legal system. *See, e.g.*, *Pittman v. Bob*, No. 2:11-CV-00842, 2012 WL 3580157 (W.D. Pa. Aug. 17, 2012), *aff'd*, 520 F. App'x 101 (3d Cir. 2013); *Pittman v. Archer W. Contractors*, No. 3:11cv556, 2011 WL 5970880 (W.D.N.C. Nov. 28, 2011), *aff'd*, 472 F. App'x 204 (4th Cir. 2012); *Pittman v. Tucker*, 213 F. App'x 867 (11th Cir. 2007); *Pittman v. ABB, Inc.*, No. 16–01272–CV–C–WJE, 2017 WL 8792696 (W.D. Mo. Dec. 15, 2017), *aff'd*, 737 F. App'x 295 (8th Cir. 2018). In short, Plaintiff's claim of ignorance is the kind of "garden variety claim of excusable neglect" that is insufficient to establish equitable tolling.

---

[1] The Court has also considered the Amended Complaint and can find no reason on the face of the Complaint to apply equitable tolling.

- 4 -

### IV. Leave to Amend

"In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)).  Several factors are relevant to determine whether leave to amend should be granted, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Here, Plaintiff is proceeding pro se, this is the first dismissal under Rule 12(b)(6), Defendant does not allege prejudice, and the Court does not find that amendment would be futile at this time. The Court grants leave to amend.

### CONCLUSION

Because Plaintiff's Complaint was filed after the statute of limitations expired, his § 1981 claim is barred.  He does not provide a sufficient basis for equitable tolling. Accordingly, Defendant's Motion to Dismiss is granted.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 26) is **GRANTED** with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days from the date of this order to file a Second Amended Complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a Second Amended Complaint within 30 days from the date of this order, the Clerk of Court must, without further notice, enter judgment of dismissal of this action with prejudice on or after **March 11, 2022.**

Dated this 8th day of February, 2022.

G. Murray Snow
Chief United States District Judge